|  |  |
|---|---|
| Susan T. Holzman | Robert S. Timmerman |
| Defendant in *Pro Se* | Defendant in *Pro Se* |
| 4007 Porte De Palmas, Unit 65 | 18 Chester Drive |
| San Diego, CA 92122 | Manhasset, NY 11030 |
| holzman.susan@gmail.com | robert.timmerman@ymail.com |

October 6, 2023

*VIA ECF Only*:

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

   Re:   Florence Gentile, et al., v. NCSPlus Incorporated, et al.
   Docket: 1:23-cv-05358

Hon. Judge Rochon:

  We are the individual defendants proceeding pro se in the above case. We are writing this letter to request that you dismiss us from this case, or in the alternative exempt us from this Court's early mediation conference.

Our request is based on the following:

1) <u>Several complex legal issues predominate over the factual issues in this case:</u>

Please refer to our **Answer to Complaint** (S.D.N.Y ECF Doc. 26) for details on our first and second affirmative defenses (pages 17-19).

FDCPA in and of itself is complex and this case also involves many complex and subtle questions of law, including:

 a) Whether we qualify as "debt collectors" under FDCPA (we are trustees of our sole rental property and therefore are "creditors" in fact).

 b) Whether the plaintiffs in this matter have suffered any debt collection related damages at all given they were able to make a substantial purchase of a home on 9/15/22 with a standard mortgage at a prevailing market rate <u>after</u> the alleged FDCPA violations occurred (and committed fraud by continuing to use and occupy our sole rental property rent-free for an additional six (6) months afterward before voluntarily vacating it on 12/28/22).

 c) Whether this case is entitled to certification as a class action lawsuit.

2) <u>Other Good Cause Reasons:</u>

   a) We believe the action in this Federal Court is frivolous and brought in bad faith to only use this Federal Court to manipulate discovery and try to avoid disclosure of relevant information related to our fraud-related claims in our family's ongoing NY Supreme Court action (in which the opposing parties here are the defendants).

   b) FDCPA's one-sided primary purpose is to protect small individual "consumers" from unfair debt collection practices (even if debt claims are legitimate) and therefore strong public policy reasons exist for declining to exercise jurisdiction over any creditor or debt collector counterclaims. There is simply no remedy for us as creditors here in this Federal Court and therefore, we have made no counterclaims in this case. Thus, we believe dismissing us in this matter is justifiable.

Last, we are currently not able to attend the scheduled October 16, 2023, virtual mediation conference because our mother just returned home from the hospital this week. This now requires both of us to devote substantial time to assist in required round-the-clock care for her at home while she continues to recover, which has left us no time to adequately prepare for this conference.

Respectfully submitted,

_____              _____
Susan T. Holzman                              Robert S. Timmerman
Defendant in *Pro Se*                          Defendant in *Pro Se*

Requests **DENIED**.  *Pro se* Defendants' request to dismiss them from this case is denied because they have not filed a notice of motion or otherwise complied with Local Civil Rule 7.1.  The request to dismiss is also untimely because it was filed more than 21 days after *pro se* Defendants were served with the Complaint. Indeed, *pro se* Defendants answered the Complaint more than two months ago, on August 4, 2023, and did not file a motion to dismiss at that time.  ECF No. 16.  Even if the letter-motion to dismiss were timely, the Court cannot discern from the letter-motion sufficient grounds to dismiss the claims against *pro se* Defendants.

The request to excuse *pro se* Defendants from the mediation conference is also denied.  The conference has been scheduled since at least September 14, 2023 and will be held remotely.  To the extent *pro se* Defendants believe more time is needed to prepare for the conference and seek an adjournment, they may renew their request to the mediator, preferably in consultation with the other parties.

Dated:  October 6, 2023
            New York, New York

                              SO ORDERED.

                              _____
                              **JENNIFER L. ROCHON**
                              **United States District Judge**