Susan T. Holzman  
Defendant in *Pro Se*  
4007 Porte De Palmas, Unit 65  
San Diego, CA 92122  
holzman.susan@gmail.com

Robert S. Timmerman  
Defendant in *Pro Se*  
18 Chester Drive  
Manhasset, NY 11030  
robert.timmerman@ymail.com

October 11, 2023

*VIA ECF Only*:

Hon. Jennifer L. Rochon  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 1920  
New York, NY 10007

    Re:    Florence Gentile, et al., v. NCSPlus Incorporated, et al.  
    Docket:    1:23-cv-05358-JLR

Hon. Judge Rochon:

    We, the individual defendants proceeding pro se in the above case, are writing this letter-motion as a follow-up to our letter-motion and your prompt decision of October 6, 2023.

    Thank you for your timely response and thoughtful consideration of that request. We understand your decision and will comply and participate in good faith with the ordered mediation process.

    As your order directed, we did email Mr. Gallagher, the assigned mediator, and all the parties to seek an adjournment due to our significant family commitment currently regarding our ailing mother. We noted this was our first request that should be granted freely by right.

    However, much to our surprise and NCSPlus' attorney, the head of litigation partner at Capell Barnett (the plaintiffs' law firm), Mr. Sanders, has centrally inserted himself in this mediation process. The attorney of record for the plaintiffs is Mr. Tatko, and we do not consent to Mr. Sander's presence as an observer or otherwise as is our right per SDNY mediation program procedures. Mr. Sanders is the opposing attorney in our family's ongoing NYS Supreme Civil case (Docket No. 728380/2021) and despite many opportunities (including some with NYS judicial staff present) for settlement with our current NYC Housing attorney, our former NYS Supreme Civil attorney, and directly with us on at least one occasion, he is simply intractable and remains so. For our part, we are highly suspicious of Mr. Sanders' true intentions here given our fraud-related claims in our family's ongoing NYS Supreme Civil action as included in the second affirmative defense (pages 18-19) in our **Answer to Complaint** (S.D.N.Y ECF Doc. 26).

      Mr. Gallagher has been extraordinarily patient and professional in numerous back and forth emails throughout the day yesterday into the late night in an attempt to accommodate all parties here. However, as of this morning, it seems there remains a significant impasse. Mr. Sander's is quite anxious and did not consent to an adjournment. While NCSPlus' attorneys can begin the mediation process on the original 10/16/23 scheduled date or adjourn to 11/21/23 when Mr. Gallagher is also available, we simply are unable to put together a thoughtful brief in time and participate. It would be very prejudicial against us given our current family emergency and put us at as significant disadvantage to do so.

      Therefore, given the above, we humbly request that this mediation process is bifurcated since the class action claims against NCSPlus are markedly different enough versus the claims against the individual defendants in this matter and we believe our NYS Supreme Civil case would be unjustly affected. We would consent to meet on November 21, 2023, with Mr. Tatko and the individual plaintiffs in an in-person (not virtual) meeting at SDNY's mediation offices to work this out in an earnest good faith manner.

      Respectfully submitted,

_____  
Susan T. Holzman  
Defendant in *Pro Se*

_____  
Robert S. Timmerman  
Defendant in *Pro Se*

The Court already ruled (*see* ECF No. 33) that *pro se* Defendants could request from the mediator to adjourn their participation in the mediation session if they believed more time is needed to prepare.  The parties are reminded that mediation is intended to be a flexible program to facilitate a good-faith resolution of this dispute without further Court intervention.  Accordingly, the Court again directs *pro se* Defendants to address their requests to the mediator, and encourages all mediation participants to work together in good-faith.  To the extent *pro se* Defendants or the other parties believe that they cannot reasonably participate in the mediation program and wish to proceed with this litigation instead, however, they may request that their participation from mediation be withdrawn and the Court will schedule an initial pretrial conference.

Dated:  October 16, 2023  
       New York, New York

SO ORDERED.

_Jennifer Rochon_____  
**JENNIFER L. ROCHON**  
**United States District Judge**