Susan T. Holzman　　　　　　　　　　Robert S. Timmerman
Defendant in *Pro Se*　　　　　　　　Defendant in *Pro Se*
4007 Porte De Palmas, Unit 65　　　　18 Chester Drive
San Diego, CA 92122　　　　　　　　Manhasset, NY 11030
holzman.susan@gmail.com　　　　　　robert.timmerman@ymail.com

December 27, 2023

*VIA ECF Only*:

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

  Re:  Florence Gentile, et al., v. NCSPlus Incorporated, et al.
  Docket: 1:23-cv-05358 (JLR)

Hon. Judge Rochon:

  In anticipation of next week's initial conference, the individual defendants proceeding pro se in the above case, respectfully request this Court take notice of our intent pursuant to Fed. R. Civ. Pro. 42 to file a motion to consolidate the ongoing litigation (including all claims and counterclaims) in New York Supreme Court, Queens County, captioned *Robert L. Timmerman et al. v. Florence Gentile et al.*, Case No. 728380/2021 (the "NYSC Litigation") with this Federal case. In making this request, we note **Plaintiffs' Class Action Complaint** (*Dkt. No. 2*) at ¶¶ 3., 4. and 23. which provides the foundation of the valid legal grounds and bases in terms of overlapping claims and proper jurisdiction/venue.

  Unfortunately, any attempts to try to mediate a settlement continue to be very difficult, so we intend to seek consolidation as to avoid wasting further judicial resources and time in multiple overburdened courts. For purposes of establishing an accurate record in this Federal case regarding the mediation process we affirm the following under penalty of perjury:

- We were unable to attend the mediation conference on October 16, 2023, due to a significant family commitment required to care and comfort our ailing mother.

- We agreed in good faith to remotely attend a rescheduled mediation conference on November 21, 2023.

- We fully prepared a 7-page mediation brief including three (3) exhibits and submitted it to the assigned mediator, Mr. Brian Gallagher.

- We properly executed and sent a confidentiality agreement (CA) to all parties on 11/14/23 <u>before</u> the November 21, 2023 scheduled conference date in accordance with current SDNY Mediation Program Procedures (rev. 8/7/2023).

- We initially objected to proceeding with the mediation when Mr. Peter Sanders, the opposing attorney in our family's ongoing NYS Supreme Civil case (NYSCEF No. 728380/2021), centrally inserted himself in this mediation process (which was especially surprising since Mr. Travis Tatko is the attorney of record in this case and Mr. Sanders has never filed a Notice of Appearance with this Court).

- Nonetheless, we agreed to remotely participate with Mr. Peter Sanders as the lead representative for the Plaintiffs.

- However, we rejected the original confidentiality agreement (CA) Mr. Sanders proffered as improper because it lacked any signatures.

- Despite numerous attempts over several days to get Mr. Sanders to execute and send a proper CA in good faith <u>before</u> the conference on November 21, 2023 (per current SDNY mediation program procedure rules), he just simply would not do that (at least not <u>before</u> the conference would actually begin).

    ⇒ We thought this was very irregular and suspicious, especially if his true intention was to build some measure of trust to work things out in good faith.

    ⇒ After considerable back and forth emails, he eventually submitted signatures for the plaintiffs and all their attorneys, but the last sticking point was his refusal to spell the last name "*Holzman*" correctly on his CA. He had spelled it as "*Holtzman*" and would not correct or change that spelling. (Why he even filled out the undersigned section reserved for us under "Defendants" and why our names were spelled correctly elsewhere made us very suspect in the first place and for good reason as revealed below).

    ⇒ In the end, since we would not accept nor agree to proceed under that false name, Mr. Sanders refused to comply in good faith and chose to wholly abandon the mediation process -- so in reality the mediation conference on November 21, 2023 was cancelled and never actually took place at all.

As we have alerted this Court before in our First Letter Motion (*Dkt. No. 32*) and Second Letter Motion (*Dkt. No. 34*), we believe Mr. Sanders has brought this lawsuit in Federal Court in a bad faith attempt to manipulate discovery in our family's NYSC Litigation. This is plainly apparent based on the following factual evidence:

- Mr. Sanders is the lead and filing attorney of record in the NYSC Litigation and that case alleges duplicate FDCPA violation counterclaims against our elderly and infirmed mother, Barbara Timmerman, who is the lessor/owner/plaintiff in that

- NYSC Litigation, and therefore is clearly a "creditor", under 15 U.S. Code § 1692a(4) in that case.

- Mr. Sanders has proffered manipulated/fabricated discovery in the NYSC Litigation as linked here (NYSCEF 728380/2021 Doc. No. 109) which includes cellphone text messages labeled by him as originating from "Susan Holtzman" and "Rob Holtzman" in an attempt to establish the last name "*Holtzman*" as a debt collector. (Please see link **HERE** to view Bates numbered documents 16, 17, 25, 26, 52-69, 72-118, and 120-131).

- As you know, FDCPA excludes any party who is attempting to collect debts owed to themselves or parties that have a special relationship to the creditor. **However**, per 15 U.S. Code § 1692a(6), the actual creditor will **not** be exempted from FDCPA coverage if the creditor "*uses any name other than his own*" in attempting to collect the debt since the use of a third party's name would suggest to the debtor that a party, other than the original creditor, is involved in the collection of the debt.

- Mr. Sanders was apparently attempting to establish and assert that our elderly/infirmed mother (who is currently a named plaintiff/lessor/owner/creditor in our family's ongoing NYSC Litigation) was using a name other than her own to collect owed rent debt (which would indicate, according to an exception clause in the definition of a "debt collector" in the FDCPA statute, that a third person/party was attempting to collect the rent debt). Thus, our mother would possibly have potential liability as a third party "debt collector" in these same FDCPA counterclaims also alleged against her in the NYSC Litigation.

In conclusion, please know we remain willing to again attempt to settle this matter through the SDNY mediation program with a properly executed CA. We look forward to our appearance before you in the New Year at the initial conference on January 4, 2024. Thank you for your attention and time to this important matter.

Respectfully submitted,

_____       _____
Susan T. Holzman                       Robert S. Timmerman
Defendant in *Pro Se*                  Defendant in *Pro Se*

Dated: December 28, 2023
New York, New York

Page 3 of 3

---

**Request DENIED.** *Pro se* Defendants' request to consolidate this case is denied. This is a federal action, the Court has federal question jurisdiction over the claims in this case, and this action cannot be remanded to state court upon request from two defendants based on Federal Rule of Civil Procedure Rule 42. *Pro se* Defendants are cautioned that this letter is not a substitute for the joint letter that the parties were ordered to submit today, which letter should be submitted promptly. See ECF Nos. 37, 3. The Clerk is directed to close the motion pending at ECF No. 40. **SO ORDERED.**

_____
**JENNIFER L. ROCHON
United States District Judge**