UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLORENCE GENTILE, et al.,<br><br>        Plaintiffs,<br><br>-against-<br><br>NCSPLUS INCORPORATED, SUSAN HOLZMAN, and ROBERT S. TIMMERMAN,<br><br>        Defendant. | Case No. 1:23-cv-05358 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Florence Gentile, Scott Norris, and Marissa Gentile (collectively, "Plaintiffs") commenced this action on June 23, 2023, bringing claims against NCSPlus Incorporated, Susan Holzman, and Robert S. Timmerman (collectively, "Defendants") under federal and state law. ECF No. 2. ("Compl."). Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and section 349 of the New York General Business Law, N.Y. Gen. Bus. L. § 349, when Defendants attempted to collect rent allegedly owed by Plaintiffs for a residential lease. *See generally id.*

  The Court referred this case to the magistrate judge for general pretrial management and settlement. ECF No. 44. The magistrate judge entered a case management plan on January 23, 2024 which set June 21, 2024 as the close of discovery. ECF No. 53. Three days later, Susan Holzman and Robert S. Timmerman (together, "Individual Defendants") requested "leave to file an instant motion for summary judgment." ECF No. 54. On the same day, the Court informed Individual Defendants that "typically, motions for summary judgment are filed after the close of discovery, and in this case, discovery will close on June 21, 2024." ECF No. 55 at 3. With that guidance in mind, the Court gave Individual Defendants additional time to contemplate whether they wished to make a motion for summary judgment

before discovery was completed.  *Id.*  On January 31, 2024, Individual Defendants renewed their request to file a summary judgment motion before the close of discovery.  ECF No. 56.  On February 8, 2024, the Court informed the Individual Defendants that it would not preclude them from making their motion for summary judgment before the close of discovery, but cautioned that the Court may, in its discretion, decline to review successive summary judgment motions.  ECF No. 58.

On March 4, 2024, Individual Defendants filed their motion for summary judgment.  ECF No. 64 ("Br.").  Individual Defendants argue that "uncontroverted evidence . . . demonstrates that (i) the FDCPA is inapplicable because clearly neither of the [Individual] Defendants is a regular 'debt collector' and (ii) GBL § 349 is inapplicable because a private contract (lease) dispute does not fall within the ambit of that statute."  *Id.* at 2; *see also* ECF No. 72 ("Reply").

On March 18, 2024, Plaintiffs opposed Individual Defendants' motion for summary judgment via declaration from their counsel.  ECF No. 65 ("Opp.").  Plaintiffs invoked Federal Rule of Civil Procedure ("Rule") 56(d) and argued that Individual Defendants' motion for summary judgment should be denied because discovery had not yet been completed and they required certain information to oppose the motion.  *Id.*

On April 15, 2024, the parties jointly requested additional time to complete discovery.  ECF No. 75.  The next day, the magistrate judge granted in part the parties' request, extending the discovery deadlines by 60 days such that all discovery is to be completed by August 20, 2024.  ECF No. 76.

Rule 56(d) – formerly numbered Rule 56(f) – provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to

obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d. Cir. 2023) (Rule 56(d) was formerly numbered Rule 56(f)). "To request discovery under Rule 56(d), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *UBS AG, London Branch v. Greka Integrated, Inc.*, No. 21-1385, 2022 WL 2297904, at *3 (2d Cir. 2022) (summary order) (quotation marks and citation omitted). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded an opportunity to conduct discovery." *Elliott*, 84 F. 4th at 493 (quoting *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000)).

This is not one of those "rarest of cases" where summary judgment may be granted against Plaintiffs, who have not yet been an afforded an opportunity to complete discovery. *Id.* Individual Defendants filed their motion for summary judgment many months before discovery was set to close, and over warnings from the Court that motions for summary judgment were typically filed at the conclusion of discovery. Plaintiffs have asserted, through declaration of their counsel, that they are still in the process of obtaining discovery essential to their opposition. Opp. ¶¶ 5-7. Specifically, Plaintiffs' counsel declared that they are seeking discovery related to whether Individual Defendants were in the business of "regularly collecting debt" or whether Individual Defendants' alleged debt-collection activities were incidental to other obligations and duties. *Id.* ¶¶ 7, 24-25. These issues could be reasonably expected to raise a genuine issue of material fact with respect to Individual Defendants' motion for summary judgment, that includes Individual Defendants' assertion that they were not in the business of regularly colleting debt. *See generally* Br. Plaintiffs' counsel also

3

outlined their efforts to obtain the necessary information, Opp. ¶¶ 26-28, and explained that their efforts were unsuccessful because Individual Defendants had not yet produced any documents in response to Plaintiffs' requests, *id.* ¶¶ 14, 17.

Accordingly, Plaintiffs have shown that they "cannot present facts essential to justify [their] opposition," Fed. R. Civ. P. 56(d), through "an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful," *UBS AG*, 2022 WL 2297904, at *3 (citation omitted); *see Hall v. Scores Holding Co.*, 21-cv-03387 (JPC), 2023 WL 2744098, at *2 (S.D.N.Y. Mar. 31, 2023) (denying motion for summary judgment without prejudice under Rule 56(d) when nonmovant had not yet had the opportunity to complete discovery); *KJY Investment LLC v. Noblesse Nail & Spa, Inc.*, No. 20-cv-09116 (KMK), 2021 WL 4429506, at *1 (S.D.N.Y. Sept. 27, 2021) (same); *cf. Elliott*, 84 F.4th at 493 (district court abused its discretion when it granted motion for summary judgment when nonmovant was not given an opportunity for discovery).

Individual Defendants failed to directly address Plaintiffs' Rule 56(d) arguments in their reply brief. *See generally* Reply. Rather, Individual Defendants argued that Plaintiffs "were required to come forward with specific facts, not mere speculation or conjecture as to the true nature of the facts, showing that there is a genuine issue for trial." *Id.* at 3. Individual Defendants misunderstand the application of Rule 56(d). Because discovery has not been completed, and indeed, had been ongoing for less than two months at the time Individual Defendants filed their motion for summary judgment (with no documents produced by the

Individual Defendants yet), Plaintiffs were unable to respond adequately to the motion, as explained above.

Therefore, the Court DENIES Individual Defendants' motion for summary judgment without prejudice under Federal Rule of Civil Procedure 56(d).  Individual Defendants' related request for a stay of discovery pending determination of the summary judgment motion is likewise DENIED.  The Clerk of Court is respectfully directed to CLOSE the motion pending at ECF No. 59.

Dated: May 24, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge